UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH
CIVIL ACTION NO. 5:16-CV-143-TBR

SHERRIE GRIFFEY, Plaintiff

v.

WILLIAM R. ADAMS, II, and
LOURDES AMBULATORY SURGERY
CENTER, LLC, a Kentucky Limited
Liability Company, Defendant

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's, Sherrie Griffey, Motion In Limine to Exclude Testimony of Defendants' Expert, (R.67). The Defendants have failed to respond. This matter is ripe for adjudication, and, for the reasons that follow, Griffey's Motion is HEREBY GRANTED.

**Background**

On September 15, 2015, Dr. William Adams, II performed surgery on Sherrie Griffey for problems associated with plantar fasciitis. Dr. Adams was supposed to operate on the left foot. However, he cut into Griffey's right foot. Upon the anesthesiologist alerting Dr. Adams that he had started surgery on the wrong foot, Dr. Adams stitched up Griffey's right foot and, while Griffey was still under anesthesia, performed the operation as scheduled on the left foot.

Griffey brought suit based on the botched surgery, lodging six claims against Adams and Lourdes Ambulatory Surgery Center, LLC: (1) negligence against Adams; (2) willful and wanton negligence against Adams; (3) battery against Adams; (4) negligence against Lourdes; (5) willful and wanton negligence against Lourdes; and (6) battery against Lourdes. On June 6, 2018, the Court granted Griffey's motion for partial summary judgment, finding that both Defendants had stipulated Dr. Adams acted negligently in beginning surgery on the wrong foot.

1

Damages, apportionment of fault between Lourdes and Dr. Adams, and whether Adams is guilty of willful/wanton negligence all remain to be resolved by jury. Trial is scheduled for June 17, 2019.

With the trial date approaching, Griffey now moves *in limine* to exclude the testimony of Defendants' expert, Dr. John F. Grady, DPM, from trial. Dr. Grady's expert report reads in pertinent part:

> [I]t is my opinion, that Dr. Adams provided reasonably competent and appropriate care to Mrs, Griffey by proceeding to operate on her left (correct) foot, for which informed consent had been given, while she was still under the effects of anesthesia. Following the incision which had been made upon the right foot. it was medically reasonable to proceed to finish the procedure which had been planned and authorized, as opposed to allowing time for Mrs. Griffey to sufficiently awaken from anesthesia to discuss the situation and obtain informed consent a second time, thereby avoiding further exposure to anesthesia.

The Defendants have not responded to Griffey's Motion.

**Legal Standard**

Motions in limine provided in advance of trial are appropriate if they eliminate evidence that has no legitimate use at trial for any purpose. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997); *Bouchard v. Am. Home Products Corp*., 213 F.Supp.2d 802, 810 (N.D.Ohio 2002) ("The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984))). Only where the evidence satisfies this high bar should the court exclude it; if not, "rulings [on evidence] should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D.Ky.2010) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D.Ohio 2004)). Even if a motion in limine is denied, the

court may revisit the decision at trial when the parties have more thoroughly presented the disputed evidence. *See id.* ("Denial of a motion in limine does not guarantee that the evidence will be admitted at trial, and the court will hear objections to such evidence as they arise at trial.").

**Discussion**

Griffey argues that "based upon the Court's granting of Plaintiff's motion for partial summary judgment, Defendants' expert testimony is no longer relevant to the remaining issues, primarily Plaintiff's damages, to be adjudicated at trial and thus Dr. Grady's testimony should be barred." Given the Defendants' failure to respond, the Court agrees.

Pursuant to Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relatedly, Fed. R. Evid. 402 explains that "[i]rrelevant evidence is not admissible."

Here, Defendants expect Dr. Grady to testify that Dr. Adams "provided reasonably competent and appropriate care to Mrs. Griffey." (R. 36). Adams has already been found liable for negligence and medical battery. (R. 59). Thus, Dr. Grady's expected testimony is no longer relevant. Ultimately, the Court can think of no possible testimony that Dr. Grady might give that would be relevant to any issue left to be decided at trial. Presumably, nor can the Defendants, given their failure to respond. As such, Griffey's Motion to exclude Dr. Grady's testimony is granted.

However, the Court notes that its conclusion is premised upon there being no dispute between the Parties concerning whether Dr. Adams was negligent in proceeding to operate on the correct foot after he had already cut into the wrong one. Importantly, the Court did not decide

that issue with its June 6, 2018 Opinion. Instead, the Court found that the Parties had stipulated that Dr. Adams was negligent in cutting into the incorrect foot only—not that Dr. Adams was also negligent in continuing to then operate on the correct left foot. If there is a dispute over whether Dr. Adams was negligent in continuing to operate on the left foot after having cut into the right, Dr. Grady's testimony is relevant and will be permitted at trial.

## Conclusion

For the reasons stated herein, Plaintiff's Motion In Limine to Exclude Testimony of Defendants' Expert, (R. 67), **IS HEREBY GRANTED**. Defendants' expert, Dr. John F. Grady, DPM, is precluded from testifying at trial.

**IT IS SO ORDERED.**

*Thomas B. Russell* (signature)

**Thomas B. Russell, Senior Judge**
**United States District Court**
May 21, 2019

cc: Counsel